IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN W. QUICK, 1243617,         ) | |
| Plaintiff,        ) | |
| ) | |
| v.                                                            ) | No. 3:05-CV-1622-N |
| ) | ECF |
| F. DUNCAN THOMAS and JESSICA EDWARDS,  ) | |
| Defendants.        ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Parties

Plaintiff is an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this suit pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Hunt County District Attorney F. Duncan Thomas and Assistant District Attorney Jessica Edwards. No process has issued in this case.

### II. Background

Plaintiff seeks to sue Defendant Edwards for allegedly making slanderous statements during his trial – namely that he is a "child molester." He also argues that Edwards made a terroristic threat during plea bargain negotiations when she told Plaintiff that if he accepted the

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

plea offer, the district attorney's office would not indict him on an additional offense. He states that Defendant Thomas harassed him by using psychiatrists for the trial and that Defendant Thomas "assumed things" without having any medical knowledge.

Plaintiff seeks 950 million dollars in damages, "bragging rights," and the Defendants' shields, badges and certifications.

### III.  Discussion

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Defendants' actions and statements occurred during Plaintiff's criminal trial. These actions were taken in Defendants' role as prosecutors. It is well established that a prosecutor is absolutely immune from personal liability for damages for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the state's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Patchman*, 424 U.S.

409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).[1]

Plaintiff fails to allege any cognizable claim for relief against Defendants under § 1983. The complaint should therefore be dismissed with prejudice as frivolous and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i)(iii).

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i)(iii).

Signed this 3rd day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also clear that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), precludes Plaintiff's action since his underlying conviction has not been reversed, expunged, invalidated or called into question. *See* Magistrate Judge's Questionnaire, Answer No. 3. In light of the absolute immunity of the prosecutors, however, even if his conviction was invalidated in some fashion, monetary damages against the Defendants would be foreclosed.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-